IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:00-CR-176-FL-1
No. 5:17-CV-208-FL

| | |
|---|---|
| RUHULLAH AS-SADIQ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE 231). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 244). The issues raised are ripe for ruling.[1] For the reasons that follow this court dismisses petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On February 8, 2001, a jury found petitioner guilty of armed bank robbery and aiding in abetting in violation of 18 U.S.C. §§ 2113(a) and (d) (count one), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count two). (DE 63). On April 13, 2001, the court set aside its verdict on count two. (DE 74). On June 13, 2001, petitioner was sentenced to a total of 300 months' imprisonment. (DE 84). Petitioner filed several unsuccessful appeals, including a failed § 2255 motion. (See DE 109, 181, 182, 190, and 207).

---

[1] This §2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

On May 1, 2017, petitioner filed the instant motion to vacate and amended motion to vacate under 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he is no longer a career offender. In its motion to dismiss, the government argues that petitioner's § 2255 motion should be dismissed as untimely and as moot.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Motion to Vacate

Petitioner argues that in light of Johnson, he is no longer a career offender under the Sentencing Guidelines. (See DE 231). In particular, petitioner contends this court must vacate his sentence because his armed bank robbery and narcotic offenses do not qualify as predicates for career offender purposes. (Id.).

a. Petitioner's Johnson claim is untimely.

Petitioner's Johnson claim is untimely, and therefore, it must be dismissed. A one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In this case, petitioner's judgment was entered on June 13, 2001 (See DE 84). Judgment became final after the time period for appeal expired in June 2001, and the limitation period ran until June 2001. See Fed. R. App. P. 4(b)(1)(A) (providing that a defendant must file a notice of appeal within 14 days after the entry of judgment). Petitioner filed the instant § 2255 motion on May 1, 2017. (See DE 231). Thus, petitioner was more than one year out-of-time under § 2255(f)(1).

Petitioner has also failed to show that his claim is timely pursuant to § 2255(f)(3). Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. This holding applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

§ 2255(f)(3) allows for an additional one-year limitations period to run from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review if the defendant relies on that decision to support the claimed relief. Id. at § 2255(f)(3). The Fourth Circuit has held that a defendant relies on Johnson if his ACCA sentence "may have been predicated on application of the now-void residual clause." United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017). However, petitioner's Johnson claim is not timely under § 2255(f)(3) because it was not filed within one year of the Supreme Court's decision in Johnson, which issued on June 26, 2015. Therefore, petitioner has not satisfied § 2255(f)(3).

Petitioner argues in order to file a second or successive § 2255 motion in this court, petitioner had to file a motion with the Court of Appeals for the Fourth Circuit in order to receive authorization pursuant to 28 U.S.C.§§ 2244(b), 2255(h), and he filed this authorization motion timely. Petitioner is correct regarding the necessary procedure, but petitioner did not file his motion before the Fourth Circuit seeking authorization, much less the necessary § 2255 motion before this court, until June 30, 2016, which is not within one year of the Supreme Court's decision in Johnson. See In re Vassell, 751 F.3d 267 (4th Cir. 2014).[2] Petitioner offers no reason for this delay.

In order to prevail on an equitable tolling theory, a petitioner must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (framing the inquiry as a three-part test where an otherwise time-barred petitioner must show:

---

[2]On July 18, 2016, the Fourth Circuit granted petitioner's motion to file a second or successive § 2255 motion in this court, stating "[w]e express no view as to the timeliness of a § 2255 motion filed pursuant to this grant of authorization." (DE 224).

4

(a) extraordinary circumstances, (b) beyond his control or external to his own conduct, (c) that prevented him from making a timely filing).

Petitioner presents no extraordinary circumstances that prevented him from filing a timely § 2255 claim. See, e.g., Lawrence v. Florida, 549 U.S. 327, 336–37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Sosa, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); Rouse v. Lee, 339 F.3d 238, 248–50 (4th Cir. 2003) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). In sum, petitioner has demonstrated neither that he pursued his rights diligently, nor that some extraordinary circumstance prevented the timely filing of his Johnson claim. Because the claim is untimely, petitioner's motion to vacate must be dismissed.

      b.      Petitioner's claim fails on the merits.

Even assuming petitioner's motion to vacate was not untimely, it still fails on the merits.

Petitioner was sentenced pursuant to the Sentencing Guidelines and not the ACCA, the statutory scheme addressed by the Supreme Court in Johnson. However, both the Sentencing Guidelines and the ACCA contain identical "residual clauses." The Supreme Court recently issued its decision in Beckles v. United States, 137 S. Ct. 886, 890 (2017), which held that "the advisory [United States Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause," which means that the Sentencing Guidelines "residual clause" is not invalid, unlike the ACCA's. However, the Supreme Court declined to address whether its holding necessarily prohibits a Due Process vagueness challenge to a pre-Booker sentence when the Sentencing

5

Guidelines were mandatory. See id. at 903 n.4 (Sotomayor, J., concurring). The Fourth Circuit has addressed this issue, determining that because the Supreme Court's holding in Beckles left this question open, the Supreme Court did not recognize a right to challenge the pre-Booker mandatory Sentencing Guidelines as void for vagueness, and therefore such a right cannot be challenged in a § 2255 motion. United States v. Brown, __ F.3d __, 2017 WL 3585073, at *4 (4th Cir. Aug. 21, 2017); see 28 U.S.C. §2255(f)(3) (a petitioner can file a § 2255 motion relying on a right newly recognized by the Supreme Court provided that, inter alia, he files within a one-year window running from "date on which the right asserted was initially recognized by the Supreme Court.").

Additionally, petitioner still has at least two career offender predicates that qualify him for "career offender" status.

A defendant is a "career offender" if 1) he was at least 18 years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. 4B1.1. Only the third requirement is in dispute, and petitioner maintains separate felony convictions under New Jersey law for distribution of cocaine, for which he was sentenced to five years imprisonment, and possession of cocaine with intent to distribute within 1,000 feet of a school, for which he was sentenced to five years imprisonment. (PSR at 8, 9 ¶¶ 24, 26).

Petitioner argues that Supreme Court precedent requires this court to find that the New Jersey statutes that provided the basis for his controlled substance convictions are overly broad and therefore the predicates are invalid.

6

The Fourth Circuit's recent decision in United States v. Dozier is instructive. 848 F.3d 180 (4th Cir. 2017). In that case, the Fourth Circuit determined that West Virginia's "controlled substance offense" was a categorical match with the generic "controlled substance offense," as contemplated by the Sentencing Guidelines).[3] Dozier, 848 F.3d at 187–88. Under the same reasoning, New Jersey's "controlled substance offense" is a categorical match because the related elements are no broader than the generic offense. See Dozier, 848 F.3d at 187; compare U.S.S.G. § 4B1.2(b), and W. Va. Code § 60A–4–401(a) (2011),[4] with N.J. Stat. Ann. § 2C:35-5 (2000).[5]

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issue presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

---

[3] A "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

[4] West Virginia's controlled substance offense provides "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." W. Va. Code § 60A–4–401(a) (2011).

[5] New Jersey's controlled substance offense makes unlawful for any person "[t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog." N.J. Stat. Ann. § 2C:35-5(2000).

## CONCLUSION

Based on the foregoing, the court DISMISSES petitioner's motion to vacate (DE 231) and GRANTS the government's motion to dismiss (DE 244). This court also DENIES certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of August, 2017.

_/s/ Louise V. Flanagan_
LOUISE W. FLANAGAN
United States District Judge